UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA GEDNEY,

        Plaintiff,

v.

DOLGEN NEW YORK, LLC, DBA DOLLAR GENERAL # 19224; and DOES 1-10; et.al.

        Defendants.
_____

**VERIFIED FIRST AMENDED COMPLAINT**

Case number: 6:24-cv-06244-EAW

## JURY TRIAL DEMANDED

Plaintiff demands a jury to try all claims triable by a jury.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (a) and 2201. Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to adjudicate Plaintiff's claims under state law.

2. The Western District of New York is an appropriate venue under 28 U.S.C. §1391 (b) (2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

3. Plaintiff herein, LISA GEDNEY ("Plaintiff" or "Ms. Gedney") is and at all times mentioned in the complaint is an Individual residing in Monroe County, in the city of Rochester, in the state of New York.

4. Defendant herein, DOLGEN NEW YORK, LLC, ("Defendant" or "Dollar

General") has a principal place of business at 4419 Dewey Avenue, Rochester New York 14616. Defendant is engaged in the business of selling variety items in commercial stores.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned; Defendants and Does 1 -10 inclusive, and each of them, were the agents, representatives and/or employees of Dollar General and each were acting within the purpose and scope of their agency and the acts and conduct alleged herein of each such Defendant were known to, authorized and ratified by each such Defendant.

6. Plaintiff is currently ignorant of the true names and capacities of the Defendants sued herein as DOES 1 - 10, inclusive, and therefore sues those Defendants by such fictitious names and Plaintiffs allege that DOES 1 -10 as employees of Dollar General; and each Does 1 - 10 reside in the State of New York and in the County of Monroe.

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was a substantial factor in the harms and damages sustained by Plaintiff alleged in this Complaint for damages and each Defendant and each Doe Defendant were the agents of each of the other Defendants, and in acting or failing to act as alleged herein, each Defendant was acting within the course and scope of such agency and with the permission and consent of each of the other Defendants and each are jointly and severally liable for the acts and or failures to act of each other and each Defendant named herein are in some substantial and material way are a substantial factor responsible for the harms and damages complained about herein by Plaintiff and each defendant is both jointly and severally liable for all harms and

damages caused to Plaintiff.

8. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants designated herein as DOES 1 - 10, inclusive, are unknown to Plaintiff, who therefore Plaintiff sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint at such time as the true names and/or capacities are ascertained.

9. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES, negligently or otherwise responsible in some manner for the events and happenings referred to in this Complaint for Damages and each of them caused the injuries and damages to Plaintiff as herein alleged in this Complaint.

## **FACTUAL ALLEGATIONS**

10. On or about April 11, 2023, Ms. Gedney went into Dollar General to purchase certain items. She was holding a bag of Chinese food takeout in her hands, her purse and a folded reusable shopping bag. She lives 10 (ten) minutes walking distance from this store and is a routine shopper there.

11. When she went to purchase her items, she realized she forgot her debit card to make payment. She kindly asked the cashier to put the items aside and that she will go home and get card to pay it.

12. As she attempted to leave the store, a male employee named "Danny" approached her and stopped her from leaving. He detained her and demanded to search her, her bag of food and her purse.

13. Danny searched Plaintiff's bag of food and then the folded reusable shopping bag and then her purse, in the middle pockets of the purse she had her makeup. He accused her of stealing the make-up and refused to let her leave the

premises.

14. Ms. Gedney told him that the makeup was already used (which it clearly was) and that she never even went to the makeup section. He asked to see her receipt and she told him she could get it from home. She also told him multiple times to open and see the makeup as it was used.

15. When Danny finally opened the make-up, it was obvious that it had been used repeatedly, and could not be new in fact since there was not even any packaging for sale.

16. Ms. Gedney then went back to home to get her debit card.  Her mother then sent the picture of the receipt for the makeup. She went back to the Store and paid for her items.

17. Danny took her phone to verify that it has indeed been paid detaining her once again.

18. Several other customers witnessed this improper conduct as they made their respective purchases.

19. By reason of facts and circumstances stated above, Ms. Gedney, was wrongfully detained and falsely accused of theft, forced to present a receipt for items purchased previously in front of a long time of customers and detained for an extensive and unreasonable period of time by a male employee of Dollar General.

20. At all relevant times, the Defendants and each of them knew, or should have known, that staffing the Dollar General with employees, including all the individual Defendants, who were unsupervised, undisciplined, inadequately trained and wholly unsuited to interact with the public would pose an excessive risk that members of the public would be subjected to out of control, violent,

aggressive behavior.

21. At all relevant times, the Defendants and each of them knew, or should have known, that failing or refusing to take corrective measures against employees, including the individual Defendants, who retaliated against individuals, acted arbitrarily and in furtherance of personal or political vendettas, or who were undisciplined, inadequately trained and unsuited to engage the general public would result in repeated incidents of violations of individual rights protected by the constitution, statutory and common law.

22. At all relevant times, the Defendants and each of them failed to adopt policies or procedures that would have prevented the violations of individual rights alleged herein, including but not limited to additional training and supervision.

## **FIRST CAUSE OF ACTION**

*(Fourth Amendment Violation Of the United States Constitution Against All Defendants)*

23. All previous paragraphs are incorporated herein by reference as though fully set forth.

24. The policies and conduct of the Defendants and each of them violated Plaintiffs right to be free of unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution.

25. As a direct and proximate result of the unlawful policies and acts of the Defendants and each of them described herein, the Plaintiff has incurred economic damage and psychological distress and damage to her reputation and she still suffers both trauma, suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys'

fees, costs and disbursements.

26. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

*(Fourteenth Amendment Violation Of The United States Constitution Against All Defendants)*

27. All previous paragraphs are incorporated herein by reference as though fully set forth.

28. The policies and intentional conduct of the Defendants and each of them in furtherance of a political vendetta deprived the Plaintiff of her right to equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

29. As both the direct and proximate result of the unlawful policies and acts of the Defendants and each of them described herein, the Plaintiff has incurred economic damage an psychological distress and damage to her reputation and she still suffers both trauma, suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

30. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION

*(Intentional Infliction of Emotional Distress Against All Defendants)*

31. All previous paragraphs are incorporated herein by reference as though fully set forth.

32. As a direct and proximate result of the intentional acts of the Defendants and each of them described herein, intentionally carried out said wrongful and harmful actions in pursuit of a personal vendetta and without sufficient factual information causing Plaintiff to suffer economic damage and caused her to suffer both physical and psychiatric illness and she continues to suffer from severe and disabling shock, distress, anguish, sorrow, depression and loss of enjoyment of life.

33. The aforesaid physical and psychological injuries sustained by Plaintiff were caused wholly by reason of the intentional, reckless and/or negligent acts of the Defendant as described herein.

34. The defendants acted maliciously and with specific intent to oppress and harm Plaintiff and/or with reckless disregard of the consequences of his actions, and as a result Plaintiff is entitled to damages in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial.

## FOURTH CAUSE OF ACTION

*(Negligent Infliction of Emotional Distress Against All Defendants)*

35. All previous paragraphs are incorporated herein by reference as though fully set forth.

36. As a direct and proximate result of the Negligent acts of the Defendants and

each of them described herein had a duty to not negligently discriminate, defame, harass, false arrest and inflict emotional distress negligently to Plaintiff.

37. Defendants and each of them were both the actual and proximate cause of the said wrongful and harmful actions in pursuit of a personal vendetta and without sufficient factual information causing Plaintiff to suffer economic damage including a loss of gainful employment and caused her to suffer both physical and psychiatric illness and she continues to suffer from severe and disabling shock, distress, anguish, sorrow, depression and loss of enjoyment of life.

38. The aforesaid physical and psychological injuries sustained by Plaintiff were caused wholly by the negligent and reckless acts of each Defendant as described herein.

39. The Defendants acted maliciously and with specific intent to oppress and harm Plaintiff and/or with reckless disregard of the consequences of his actions, and as a result Plaintiff is entitled to damages in an amount which exceeds the established jurisdictional monetary threshold of the Court with the specific amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

*(False Imprisonment Against All Defendants)*

40. All previous paragraphs are incorporated herein by reference as though fully set forth.

41. False imprisonment is the unlawful restraint of a person without consent or legal justification. False imprisonment can be committed by words, acts, or by

both[i]. The common law tort of false imprisonment is defined as an unlawful restraint of an individual's personal liberty or freedom of movement[ii]. In order to constitute the wrong it is Not necessary that the individual be actually confined or assaulted[iii].

42. It is to be noted that, there is no necessity in a false imprisonment case to prove that a person used physical violence or laid hands on another person. It is sufficient to show that at any time or place the person in any manner deprived another person of his/her liberty without sufficient legal authority.

43. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

44. The Defendants and each of them acted maliciously and with specific intent to coerce and detain Plaintiff and they did so without lawful authority they intended to oppress and harm Plaintiff and/or with reckless disregard of the consequences of their actions, and as a result Plaintiff is entitled to damages in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial.

## SIXTH CAUSE OF ACTION

*(NEGLIGENCE Against All Defendants)*

45. All previous paragraphs are incorporated herein by reference as though fully set forth.

46. Dollar General as a public accommodation, they specifically invite people who are members of the public to its establishment and it has the duty and capacity to safeguard their health, safety, and well-being while they are shopping there and to those it invites to its establishment, including the duty to

use reasonable means to protect its patrons from foreseeable harm and injury at the hands of their employees, staff and security guard loss protection officers acting negligently or intentionally.

47. As a direct and proximate result of the negligence of Defendant and Does 1 to 10, was permitted to have unmonitored and unfettered access to Plaintiff to conduct unlawful and unreasonable detentions with authority to inflict unreasonable and unwarranted harm and damages both psychologically, emotionally and while on Defendant "Dollar General" premises.

48. But for this unmonitored and unfettered non supervision of Defendants and each of them, Plaintiff suffered serious harm as a result of the ratified actions of Defendants in this case which was caused by the negligence of Defendant "Dollar General" and Does 1 - 10; who were responsible for the damages complained of herein by Plaintiff.

49. As a direct and legal result of Defendant "Dollar General" and Does 1-10's conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, and humiliation she suffered and continues to suffer and due to this incident she would benefit from therapy, and counseling.

50. In committing these acts described herein Defendant and each of them acted with malice and oppression, and thus Plaintiff is entitled to punitive damages from Defendant "Dollar General" and Does 1-10.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award Plaintiff compensatory and punitive damages as well as attorneys' fees and costs against Defendants;

C. Grant Plaintiff such other and further relief as may be just and proper under the circumstances.

Dated: July 5, 2024
       Buffalo, New York

*/s/ Prathima Reddy Price*
Prathima Reddy Price
THE REDDY LAW FIRM LLC
455 Linwood Ave, Buffalo, NY 14209
Phone: (646) 468-4257
Fax: (510) 217-3541
Email: preddy@thereddylaw.com
E-Service: eserve@thereddylaw.com
Web: Thereddylaw.com

# VERIFICATION

STATE OF NEW YORK  )
COUNTY OF MONROE  )   SS:
CITY OF ROCHESTER  )

       LISA GEDNEY, being duly sworn, deposes and says that deponent is the Claimant in the within action; that deponent has read the foregoing First Amended Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, expect as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

_____
LISA GEDNEY

Sworn to before me this 3rd day
of July 2024

State of New York
County of Monroe
Subscribed and sworn before me,
LISA GEDNEY personally
appeared on the 3rd day of July, 2024
_____
(Notary)

DAVID M. NEALE
Notary Public, State of New York
Qualified in Monroe County
Reg. #01NE6362938
Commission Expires 08/07/2025

12