UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA GEDNEY,

                    Plaintiff,                                    **DECISION AND ORDER**

            v.                                                    6:24-CV-06244 EAW

DOLGEN NEW YORK, LLC, DBA
DOLLAR GENERAL #19224; and
DOES 1-10,

                    Defendants.

---

## INTRODUCTION

Plaintiff Lisa Gedney ("Plaintiff") filed suit against Dolgen New York, LLC, dba Dollar General #19224 ("Defendant"), and Does 1-10, alleging violations of her constitutional rights as well as state tort law claims.  (Dkt. 1; Dkt. 11).

Presently before the Court is Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. 14).  For the following reasons, the Court grants the motion to dismiss.

## BACKGROUND

### I.    Factual Background

The following facts are taken from Plaintiff's verified first amended complaint (Dkt. 11), and as required at this stage of the proceedings, the allegations therein are treated as true.  On April 11, 2023, Plaintiff went to Defendant's store, Dollar General, to purchase

items.  (*Id.* at ¶ 10).  When she went to purchase her items, she realized she forgot her debit card and requested the cashier put the items aside.  (*Id.* at ¶ 11).

As Plaintiff left the store, a male employee named "Danny" stopped her and demanded to search her.  (*Id.* at ¶ 12).  Danny located makeup in Plaintiff's purse, accused her of stealing it, and would not let her leave the store.  (*Id.* at ¶ 13).  Plaintiff denied the allegations, telling Danny that the makeup was already used.  (*Id.* at ¶ 14).  When Danny finally opened the makeup, "it was obvious that it had been used repeatedly, and could not be new in fact since there was not even any packaging for sale."  (*Id.* at ¶ 15).

Plaintiff then went home to get her debit card and had her mother send her a picture of the receipt for the makeup.  (*Id.* at ¶ 16).  Plaintiff returned to the store and paid for the items that had been set aside.  (*Id.*).  Danny took Plaintiff's phone to verify she had paid for the makeup, "detaining her once again."  (*Id.* at ¶ 17).

## II.    <u>Procedural Background</u>

Plaintiff commenced this action on April 24, 2024.  (Dkt. 1).  After Defendant filed an initial motion to dismiss, Plaintiff filed the verified first amended complaint on July 5, 2024, as of right, thus rendering the motion to dismiss moot.  (Dkt. 11; Dkt. 13).

On July 19, 2024, Defendant filed the pending motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim.  (Dkt. 14).  The Court granted Plaintiff multiple consent requests for an extension of time to file a response to Defendant's motion to dismiss.  (Dkt. 17; Dkt. 18; Dkt. 19; Dkt. 20).  Plaintiff never filed a response.

## DISCUSSION

### I.    Legal Standard

#### A.  Federal Rule of Civil Procedure 12(b)(1)

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms, S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Whether a complaint should be dismissed for lack of subject matter jurisdiction is a threshold issue. *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

#### B.  Federal Rule of Civil Procedure 12(b)(6)

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II.    Analysis

### A.    The Court has Jurisdiction

Plaintiff claims the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343(a) (jurisdiction over civil rights claims), and 2201 (declaratory judgment actions), as well as supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. (Dkt. 11 at ¶ 1). Defendant argues that the Court lacks jurisdiction because of the failure to allege a federal claim. (Dkt. 14-2 at 13-14). The Court disagrees.

Defendant appears to conflate a Federal Rule of Civil Procedure 12(b)(6) dismissal with a Rule 12(b)(1) dismissal. Specifically, Defendant argues this Court lacks jurisdiction because Plaintiff has failed to state a cause of action. (Dkt. 14-2 at 3). But a court only lacks jurisdiction under Section 1331 when "the cause of action alleged is *so patently*

*without merit.*" *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (citing *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 70 (1978)).  Here, Plaintiff raises a federal question.  Plaintiff asserts violations of her civil rights under the Fourth and Fourteenth Amendments.  (Dkt. 11 at ¶¶ 23-30).  As discussed below, she has failed to adequately allege the requisite elements of such a claim necessitating dismissal pursuant to Rule 12(b)(6).  But that does not mean that the Court lacks jurisdiction.  *See*, *e.g.*, *Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009) ("Although the district court ultimately concluded that it lacked subject matter jurisdiction because the plaintiffs had failed to plead the state action necessary for maintaining an action pursuant to § 1983—a conclusion that invokes Fed. R. Civ. P. 12(b)(1)—the court should have instead dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim."); *Babchuk v. Indiana Univ. Health, Inc.*, 299 F.R.D. 591, 593 (S.D. Ind. 2014) ("Plaintiffs are correct that whether there is state action is an element of their § 1983 claim rather than a limitation on the Court's jurisdiction over their claim. . . . Because of this, dismissal for lack of state action is never proper pursuant to Rule 12(b)(1).").

Accordingly, the motion to dismiss on Rule 12(b)(1) grounds is denied.[1]

---

[1]    The Court notes that Plaintiff cites the Declaratory Judgment Act, 28 U.S.C. § 2201, in the jurisdictional section of her amended complaint.  (Dkt. 11 at ¶ 1).  "The Declaratory Judgment Act, 28 U.S.C. § 2201, does not create an independent cause of action." *Rand v. Travelers Indem. Co.*, 637 F. Supp. 3d 55, 72 (S.D.N.Y. 2022) (citing *In re Joint E. & S. Dit. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993)).  Instead, "[i]ts operation is procedural only—to provide a form of relief previously unavailable.  Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief." *Id.* (quoting *In re Joint E. & S. Dit. Asbestos Litig.*, 14 F.3d at 731).  Further, "the

### B. **Plaintiff has Failed to State a Claim**

Plaintiff alleges Defendant violated her right to be free from unreasonable searches and seizures in violation of the Fourth Amendment and denied her equal protection of the laws in violation of the Fourteenth Amendment. (Dkt. 11 at ¶¶ 23-30). Defendant argues that Plaintiff has failed to state a claim under the Fourth and Fourteenth Amendments because she has not alleged state action and that Plaintiff has failed to state a claim under 42 U.S.C. § 1985 and the Declaratory Judgment Act. (Dkt. 14-2 at 5-13).

### 1. **Fourth and Fourteenth Amendment Claims Under 42 U.S.C. § 1983**

Plaintiff raises both a Fourth and Fourteenth Amendment claim. (Dkt. 11 at ¶¶ 23-30). Defendant argues Plaintiff has failed to state a claim under the Fourth and Fourteenth Amendment because she has not alleged any state action. (Dkt. 14-2 at 5-10).

The Court construes Plaintiff's Fourth and Fourteenth Amendment claims as arising under 42 U.S.C. § 1983. "To state a claim under [§ 1983], the plaintiff must show that a defendant, acting under color of state law, deprived h[er] of a federal constitutional or statutory right." *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 300 (S.D.N.Y. 2015) (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 405-06 (2d Cir. 2013)). "Private parties act under the color of state law if they jointly participate or conspire with a state actor to violate

---

Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for subject matter jurisdiction in the district courts." *Saleh v. Ridge*, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005) (citing *Checknan v. McElroy*, 313 F. Supp. 2d 270, 274 (S.D.N.Y. 2004)). Here, not only does Plaintiff fail to seek any relief pursuant to the Declaratory Judgment Act, but since the Court has dismissed all of Plaintiff's claims raising a federal question, the Court does not have subject matter jurisdiction to hear any such claim. Therefore, to the extent Plaintiff has asserted a claim under the Declaratory Judgment Act, it is dismissed without prejudice pursuant to Rule 12(b)(1).

an individual's federal rights." *Morpurgo v. Inc. Vill. of Sag Harbor*, 697 F. Supp. 2d 309, 337 (E.D.N.Y. 2010), *aff'd*, 417 F. App'x 96 (2d Cir. 2011). "A private actor will be found to have acted jointly with a state actor if he and the state actor somehow reached an understanding to violate the plaintiff's civil rights." *Id.* (quoting *Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005)).

Here, Plaintiff has not alleged that Defendant acted under color of state law. In fact, Plaintiff alleges the exact opposite, claiming that "Defendant is engaged in the business of selling variety items in commercial stores." (Dkt. 11 at ¶ 4). Plaintiff does not explain how Defendant's business or Defendant itself is in any way connected to the state. Instead, the amended complaint is devoid of any allegations of state action. Thus, Plaintiff's Fourth and Fourteenth Amendment claims are dismissed. *Harrison v. N.Y.*, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) ("The conduct of private persons or entities, no matter how discriminatory or wrongful, generally does not constitute state action and therefore cannot form the basis of a Section 1983 claim.") (internal quotations and citation omitted).

### 2. **42 U.S.C. § 1985**

Plaintiff does not directly state a cause of action under 42 U.S.C. § 1985. (*See* Dkt. 11). But as Defendant points out, Plaintiff asserts 42 U.S.C. § 1985 as a basis for jurisdiction. (Dkt. 14-2 at 10). Defendant argues that Plaintiff does not allege she was discriminated against, nor that Defendant had discriminatory intent. (*Id.* at 11).

"In order to state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and

immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) (citing *Britt v. Garcia*, 457 F.3d 264, 270 n.4 (2d Cir. 2006)). "A § 1985(3) 'conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999)).

Here, Plaintiff has not alleged a conspiracy, that Plaintiff was discriminated against, or that Defendant had discriminatory intent. Plaintiff merely asserts that Danny searched her purse and later checked her phone for confirmation of payment. (Dkt. 11 at ¶¶ 13, 17). She does not state that Danny's actions were part of a conspiracy with Defendant, that Defendant discriminated against her in any way, or that Defendant had discriminatory intent when stopping her. Therefore, Plaintiff's claim under 42 U.S.C. § 1985 is dismissed.[2]

## C. Remaining State Law Causes of Action

Plaintiff alleges several state law claims including intentional infliction of emotional distress, negligent infliction of emotional distress, false imprisonment, and negligence. (Dkt. 11 at ¶¶ 31-50). Defendant argues that the Court should decline to exercise

---

[2]     Plaintiff's 1985(3) claim likely also fails because any constitutional right allegedly infringed required state action. *See Emanuel v. Barry*, 724 F. Supp. 1096, 1102 (E.D.N.Y. 1989) ("The question of whether state action is required is answered by examining the constitutional rights allegedly infringed by the defendants. If the underlying constitutional right in a 1985(3) suit is one the Constitution guarantees against only state encroachment, then state action is required.").

supplemental jurisdiction over Plaintiff's remaining state law claims because all of Plaintiff's federal claims are subject to dismissal.  (Dkt. 14-2 at 14-15).

A district court has discretion to hear state law claims where the relationship between a plaintiff's federal and state claims present "but one constitutional case" and "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (internal quotation marks omitted).  When a federal court dismisses federal claims, the court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).  *See also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

"Courts 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise' supplemental jurisdiction." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988)).  "Once all federal claims have been dismissed, the balance of factors will 'usual[ly]' point toward a declination." *Id.* at 118 (citation omitted); *see also Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.") (internal quotation marks omitted).

In consideration of the relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

For all these reasons, Defendant's motion to dismiss (Dkt. 14) is granted, the §§ 1983 and 1985(3) claims are dismissed with prejudice, and the state law claims are dismissed without prejudice. In addition, additional "John Doe" defendants were named in the action (as "agents, representatives and/or employees of Defendant"). (Dkt. 11 at ¶ 5). Those defendants have not been served with process within the requisite 90 days required by Fed. R. Civ. P. 4(m) and there is no basis to conclude any differently with respect to the lack of merit as to Plaintiff's claims against those defendants. Thus, the Clerk of Court is directed to close this case and enter judgment as indicated in favor of all defendants.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  January 21, 2025
        Rochester, New York